UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARZUQ AL-HAKIM,**

    Plaintiff,

vs.                                       **Case No. 8:05-CV-1825-T-24EAJ**

**UNITED STATES OF AMERICA,
et. al.**

    Defendants.
_____/

Report and Recommendation

Plaintiff's **Motion for Leave to Proceed In Forma Pauperis** (Dkt. 2), **Motion for U.S. Marshal's Office for Service of the Complaint** (Dkt. 3), and **Motion to Waive Initial Filing Fees** (Dkt. 5) are before the court.[1]

Upon consideration of the Plaintiff's submissions, the undersigned recommends that Plaintiff's in forma pauperis motion be denied as frivolous and his complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

**I.  Procedural Background**

Plaintiff is incarcerated at Madison Correctional Institute in Madison, Florida.  On June 10, 2005, Plaintiff submitted a claim for relief to the Department of Justice alleging that the Social Security Administration (the "SSA") and its employees negligently oversaw the actions of Plaintiff's representative payees in

---

[1] The district judge referred these motions to the undersigned on November 16, 2005.

violation of the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 1346 (Dkt. 1, Ex. 1 at 2-5).  Plaintiff alleges that the SSA is required to reimburse him for amounts misappropriated by his representative payees.  The Department of Justice forwarded Plaintiff's claim to the SSA for consideration (Dkt. 1, Ex. 1 at 17).  On September 19, 2005, the SSA denied Plaintiff's claim for relief, citing 42 U.S.C. § 405(h), which prohibits FTCA claims against the Commissioner of Social Security and her employees that arise under the Social Security Act (the "Act") (Dkt. 1, Ex. 1 at 21-22).

Plaintiff appealed this decision to the district court.  In Count I of Plaintiff's two-count Complaint, Plaintiff alleges that 42 U.S.C. § 405(h) "directly conflicts with the spirit and intent of Congress to override [sic] to provide a remedy for disabled persons discriminate[d] against by Government." (Dkt. 1 at 5).  In Count II, Plaintiff alleges that the SSA deprived him of his procedural and substantive due process rights in failing to recompense him for allegedly fraudulent expenditures made by Plaintiff's representative payees (Dkt. 1 at 7).  Plaintiff seeks $15,959.83 in damages (Id. at 4).  He names as defendants the United States of America, the Social Security Administration, Linda S. McMahon and "Mr. Bader", both employees of the Social Security Administration.

**II.   Legal standard**

The in forma pauperis statute, 28 U.S.C. § 1915, permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person.  The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts."  Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citation omitted); see also Battle v. Central State Hospital, 898 F.2d 126, 127 (11th Cir. 1990).

The Eleventh Circuit has emphasized, however, that the "pauper's affidavit should not be a broad highway into the federal courts." Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997) (internal quotations omitted).  A trial court, therefore, has wide discretion in determining whether to grant or deny a motion to proceed in forma pauperis.  Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004).

Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke, 490 U.S. at 324.  To prevent abusive litigation, the statute requires the court to dismiss a case if it determines that the allegation of poverty is untrue, if the action is frivolous or malicious, or if the action

3

"seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

A frivolous claim is one that lacks an arguable basis in law or in fact. Neitzke, 490 U.S. at 325. "Factual allegations are frivolous when they are 'clearly baseless'; legal theories are frivolous when they are 'indisputably meritless.'" Battle, 898 F.2d at 129, quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990). Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Nietzke, 490 U.S. at 327.

Further, the statute prohibits a prisoner from bringing a civil action if the prisoner has, "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**III. Discussion**

Plaintiff's Complaint should be dismissed under the in forma pauperis statute, 28 U.S.C. § 1915(e)(2).

First, the SSA and its employees are immune from Plaintiff's FTCA claims. Under the FTCA, the United States is liable for the

4

negligent conduct of its employees "in the same manner or to the same extent as a private individual under like circumstances." 28 U.S.C. § 1346(b). The FTCA was not intended to create new causes of action, nor was it intended as a means to enforce federal statutory duties. See Howell v. U.S., 932 F.2d 915, 917 (11th Cir. 1991). To this end, the Act contains a provision that grants immunity from FTCA suits to the Commissioner of Social Security and her employees for claims "arising under" the Act. 42 U.S.C. § 405(h).

Plaintiff alleges that his representative payees misappropriated his Social Security funds. The Act does provide that if the SSA is negligent in selecting a representative payee and that negligence results in misuse or misappropriation of the beneficiary's funds, the SSA is obligated to reimburse the beneficiary for the misused funds. 42 U.S.C. § 1383(a)(2)(E); 20 C.F.R. § 416.641; see also Cannon v. Apfel, 213 F.3d 970, 972 (7th Cir. 2000). Further, the Act requires the SSA to monitor representative payees. 42 U.S.C. § 1383(a)(2)(C). However, Plaintiff's Complaint alleges that Defendants violated the FTCA, not a provision of the Act.

Second, Plaintiff's Complaint lacks an arguable basis in law or in fact. Plaintiff's assertion in Count I that the immunity granted to the SSA and its employees under 42 U.S.C. § 405(h) in any way conflicts with or affects any alleged disability Plaintiff

suffers from is legally unsupportable. Plaintiff fails to allege a clear, non-discretionary duty owed to him. Though Plaintiff does mention Defendants' duty to supervise Plaintiff's payee's conduct, as stated above he does not allege a cause of action on these grounds. Instead, Plaintiff cites to 28 U.S.C. § 2680(a), the provision of the FTCA which exempts from liability discretionary functions performed by the government, and the Americans with Disabilities Act ("ADEA"), 42 U.S.C. § 12101, et. seq. Plaintiff does not cite to a specific provision in the ADEA, nor has the court located one providing for Defendants' liability on the facts alleged.

The allegation contained in Count II that the Government deprived Plaintiff of his procedural and due process rights in denying his claim for Social Security back pay is equally meritless. "At a minimum, the Due Process Clause requires notice and an opportunity to be heard incident to the deprivation of life, liberty or property at the hands of the government." Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003). Although Plaintiff mentions that Defendants violated his procedural due process rights, he does not allege any facts regarding the rejection of an opportunity to be heard. Further, Plaintiff does not explain how the provision of the Act exempting the Commissioner and her employees from FTCA liability in any way infringes on a fundamental right. See Doe v. Moore, 410 F.3d 1337, 1343 (11th Cir. 2005).

Case 8:05-cv-01825-SCB-EAJ   Document 6   Filed 11/17/05   Page 7 of 8 PageID 63

Finally, the court notes that based on a Petition for Writ of Mandamus Plaintiff filed in a previous case in this judicial district, the SSA issued Plaintiff a replacement check for the amount at issue in Count II.  See 8:04-cv-02693-T-23-MSS, Dkt. 1 pg. 2.  Therefore, it appears that both the factual and legal assertions in Count II are unsupportable and this court may not grant relief to Plaintiff under the provisions of the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2).

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's **Motion for Leave to Proceed In Forma Pauperis** (Dkt. 2) be **DENIED** without prejudice under 28 U.S.C. § 1915(e)(2);

(2) Plaintiff's **Motion for U.S. Marshal's Office for Service of the Complaint** (Dkt. 3) be **DENIED** without prejudice; and

(3) Plaintiff's **Motion to Waive Initial Filing Fees** (Dkt. 5) be **DENIED** without prejudice; and

(4) Plaintiff be given thirty (30) days from the date of this order to amend his Complaint to state a non-frivolous cause of action and that Plaintiff's failure to do so result in the dismissal of Plaintiffs' **Complaint** (Dkt. 1) without prejudice under 28 U.S.C. § 1915(e)(2) and Local

Rule 4.07, M.D. Fla.[2]

Dated:    November 17th, 2005

/s/ Elizabeth A. Jenkins
ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. 636(b)(1).

---

[2] This dismissal would be Plaintiff's "second strike" in the Middle District under 28 U.S.C. § 1915(g).  See 8:04-cv-02693-T-23-MSS, Dkt. 16.