**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARZUQ AL-HAKIM,**

     Plaintiff,

vs.                                                        **Case No. 8:05-CV-1825-T-24EAJ**

**UNITED STATES OF AMERICA,**
**et. al.**

     Defendants.

_____/

## Report and Recommendation

Plaintiff's **Motion for Discovery Period and Pre-Trial Order** (Dkt. 9), **Renewed Motion for Leave to Proceed In Forma Pauperis** (Dkt. 15), **Second Motion for U.S. Marshal's Office for Service of the Complaint** (Dkt. 10), and **Third Motion for U.S. Marshal's Office for Service of the Complaint** (Dkt. 21) are before the court.[1]

On December 2, 2005, the district judge adopted the undersigned's Report and Recommendation and denied Plaintiff's first in forma pauperis motion because, among other reasons, Plaintiff's Complaint lacked an arguable basis in law or fact (See Dkts. 6, 12). In the meantime, Plaintiff amended his complaint (Dkt. 7). The district judge's order required Plaintiff either to pay the filing fee associated with his Amended Complaint or file a renewed in forma pauperis motion. Plaintiff opted to file a

---

[1] The district judge referred these motions to the undersigned on December 16, 2005, January 4, 2006, and January 23, 2006.

renewed _in forma pauperis_ motion, which is now before the undersigned (Dkt. 15).

The background of Plaintiff's case is recited in the Report and Recommendation and will not be restated here.  In his renewed _in forma pauperis_ motion, Plaintiff cites <u>Wilson v. Sargent</u>, 313 F.3d 1315 (11th Cir. 2002), to support his argument that filing fees should not be assessed against him.[2]  That case is inapposite to the issues presented here because Plaintiff's Amended Complaint's should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2).  Also, Plaintiff's Amended Complaint "seeks monetary relief against a defendant who is immune from such relief," in contravention of the _in forma pauperis_ statute.   28 U.S.C. § 1915(e)(2).

Count One of the Amended Complaint alleges that the Social Security Administration ("SSA") and its employees discriminated against Plaintiff, a minority, in violation of the equal protection clause because they did not monitor Plaintiff's representative payee after Plaintiff notified them that his Social Security funds were being misappropriated (Dkt. 7 at ¶ 7).  Plaintiff appears to

---

[2] In that case the district court granted Plaintiff's <u>in forma pauperis</u> motion and required him to pay an initial partial filing fee.  313 F.3d at 1317.  When Plaintiff failed to pay the fee, the district court dismissed his complaint <u>sua sponte</u>.  <u>Id.</u>  On appeal, the Eleventh Circuit vacated the dismissal because the district court did not first inquire into whether Plaintiff had attempted to comply with its order by requesting that prison officials withdraw the partial filing fee from his prison trust fund account.  <u>Id.</u> at 1323.

allege that Defendant United States of America is liable for these negligent acts under 28 U.S.C. § 1346(b), a provision of the Federal Tort Claims Act ("FTCA") (Id. at ¶ 5).   However, as previously stated in the Report and Recommendation, the FTCA was not intended as a means to enforce federal statutory duties.  See Howell v. U.S., 932 F.2d 915, 917 (11th Cir. 1991).  To this end, the Social Security Act (the "Act") contains a provision that grants immunity from FTCA suits to the Commissioner of Social Security and her employees for claims "arising under" the Act.  42 U.S.C. § 405(h).

In Count Two, Plaintiff again alleges that he was subjected to racial discrimination in violation of the equal protection clause when the SSA did not order repayment of his Social Security funds (Dkt. 7, ¶ 13).  Plaintiff also contends that his due process rights were violated because the SSA did not properly supervise his representative payee (Id. at ¶ 11).  For the reasons stated in the undersigned's Report and Recommendation, these allegations are both factually and legally unsupportable (See Dkt. 6 at 6).

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1)  Plaintiff's **Renewed Motion for Leave to Proceed In Forma Pauperis** (Dkt. 15) be **DENIED** under 28 U.S.C. § 1915(e)(2);

(2)  Plaintiff's **Amended Complaint** be **DISMISSED** under 28 U.S.C. § 1915(e)(2) and Local Rule 4.07, M.D. Fla.;

3

(3)   Plaintiff's **Second** and **Third Motion for U.S. Marshal's Office for Service of the Complaint** (Dkts. 10, 21) be **DENIED as moot**; and

(4)   Plaintiff's **Motion for Discovery Period and Pre-Trial Order** (Dkt. 9) be **DENIED as moot**.

Dated: February 2nd, 2006

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.   See 28 U.S.C. 636 (b)(1).